THE PREACHERS' AID SOCIETY

*v.*

JACOB D. ENGLAND.

*Filed at Springfield March 29, 1883.*

106  125
131  369

106  125
161  628

106  125
158  607

106  125
162  230

106  125
181  251

106  125
207  1171

106  125
212  1192

1. TRUST—*conveyance of land in trust—whether the legal title vests in the trustee or the person for whose use the conveyance was made.* The owner of lands executed a deed therefor to one as trustee, reciting therein, that whereas, the grantor was desirous of doing something with the means then in his hands, for the benefit of the superannuated preachers of the Illinois Conference of the Methodist Episcopal Church, and for the widows and orphans of such preachers as might be deceased, and in consideration thereof conveyed the lands, "to have and to hold said premises unto him, said (grantee), in trust for the uses and purposes hereinafter named, that is to say: in trust for the Preachers' Aid Society of the Illinois Conference of the Methodist Episcopal Church, to be by it disbursed," etc., and "when the Preachers' Aid Society of said conference shall have been organized, and put upon a working footing, then the said (grantee) is to convey said premises to said society, to be by it held in the same manner and for the same uses and purposes," etc. It was *held*, that as the trust declared in such deed required that the legal title should pass in fee, such a title was thereby vested in the grantee.

2. SAME—*when the statute transfers the legal estate to the use.* Where a conveyance is made to one in trust, who is to hold the legal title until a corporation competent to take the title and perform the trust shall be created

"and put upon a working footing," when the trustee is required to convey to such corporation, the case is not one in which the statute transfers the legal estate to the use.

3. CONVEYANCE — *description of grantee—sufficiency.* The object of names in a deed being merely to distinguish one person from another, it seems this will be sufficient though the true name of the grantee be not used, or even no name at all, if enough appears to show who was intended. A grantee may be described by his office or his relationship to a known person.

4. So a conveyance of land describing the grantee as "the corporation lately created for the purpose of aiding superannuated preachers of the Illinois Conference of the Methodist Episcopal Church, and the widows and orphans of such preachers," would be a sufficient description of a corporation shown to have been lately created for the purpose indicated, though its corporate name might not be precisely the same, no other corporation being shown to have been lately created for the purpose of aiding such preachers, etc.

5. Where shortly before the execution of a deed to "the Preachers' Aid Society of the Illinois Conference of the Methodist Episcopal Church," a corporation was created by the name of "The Preachers' Aid Society of the Illinois *Annual* Conference of the Methodist Episcopal Church," and no other corporation for like purposes was shown to exist, it was *held,* that the words in the deed were used to describe, rather than to express the accurate full name of, the grantee, and passed the title to the corporation actually created and organized.

6. REPEAL OF STATUTE—*effect upon corporate rights acquired under the statute repealed.* The repeal of a statute under which a corporation has been organized, when the repealing act contains a saving clause in favor of corporations created and rights acquired under the act repealed, which are declared not to be affected by the repeal, will not destroy the existence of such corporation, nor affect any of its equitable rights acquired before the repeal, and it may subsequently acquire the legal title to property before held for it in trust.

7. FORMER ADJUDICATION—*in ejectment—judgment vacated on new trial.* Where a new trial is awarded, under the statute, in an action of ejectment, the judgment is wiped out, and can not be pleaded or given in evidence for any purpose in any subsequent suit.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

On the 7th of July, 1870, Stephen Griffith executed a deed to James H. Phillips, reciting as follows: "Whereas, the said Stephen Griffith is desirous of doing something with the

means now in his hands for the benefit of the superannuated preachers of the Illinois Conference of the Methodist Episcopal Church, and for the widows and orphans of such preachers as may have deceased." And in consideration thereof the deed proceeds to grant and convey, after reciting the property conveyed, as follows, *i. e.*: "To have and to hold said premises unto him, said Phillips, in trust for the uses and purposes hereinafter named, that is to say: in trust for the Preachers' Aid Society of the Illinois Conference of the Methodist Episcopal Church, to be by it disbursed for the benefit of superannuated preachers of said conference, and for the benefit of the widows and orphans of such preachers as may have deceased; and when the Preachers' Aid Society of said conference shall have been organized and put upon a working footing, then the said Phillips is to convey said premises to said society, to be by it held in the same manner, and for the same uses and purposes, that the same is to be held by the said Phillips." Phillips expressly accepted the trust, and agreed to execute it.

On the 24th day of September, 1870, there was incorporated, under the statute then in force, the "Preachers' Aid Society of the Illinois Annual Conference of the Methodist Episcopal Church," the object whereof is declared in the articles of incorporation to be, "to raise and maintain a fund for the relief of the superannuated, itinerant preachers, and widows and orphans of deceased preachers of said conference." On the 14th of September, 1874, James H. Phillips made his deed conveying the property so conveyed in trust, as aforesaid, to the "Preachers' Aid Society of the Illinois Conference of the Methodist Episcopal Church," reciting therein the execution of the deed of trust by Griffith to him, and the trust therein declared, and declaring that this deed is made in execution of that trust.

The "Preachers' Aid Society of the Illinois Annual Conference of the Methodist Episcopal Church," brought an

action of ejectment, in the Champaign circuit court, against Jacob D. England, to recover possession of the south-west quarter of the north-east quarter of section 21, in township 20 north, range 14 west, in that county, being one of the tracts so conveyed, as aforesaid. There were pleas of *nul tiel corporation,* and not guilty. Trial was had at the March term, 1882, of the Champaign circuit court, resulting in a verdict and judgment for the defendant. The plaintiff then asked and was allowed a new trial under the statute, and subsequent thereto, on its motion, its suit was dismissed. Thereafter, on the 10th day of April, 1882, Phillips made another deed of the same lands to the "Preachers' Aid Society of the Illinois Annual Conference of the Methodist Episcopal Church," reciting therein that "this deed is made to render effectual and complete a deed made by the grantor to the grantee, September 14, 1874, recorded in book 50, page 485, of deed records of Champaign county, Illinois, wherein the name of the grantee is not fully given."

The present suit was brought for the same land as the former suit, to the September term, 1882, of the Champaign circuit court, and the same was tried at that term again, resulting, as before, in a judgment and verdict for the defendant. This writ of error is prosecuted to reverse that judgment. The other facts material to an understanding of the case sufficiently appear in the opinion.

Mr. J. O. Cunningham, for the plaintiff in error.

Mr. William B. Webber, for the defendant in error.

Mr. Justice Scholfield delivered the opinion of the Court:

The trust declared by Griffith requiring that the legal title, in fee simple, should pass, such a title was vested in Phillips by the deed of Griffith, (*Kirkland* v. *Cox et al.* 94 Ill. 400,) and since, by the trust imposed upon Phillips, he was to hold

the legal title until a corporation competent to take the title and perform the trust should be created "and put upon a working footing," and then to convey to such corporation, it is clear the case is not one in which the statute transfers the legal estate to the use.    *Kirkland* v. *Cox et al. supra;* Perry on Trusts, sec. 300.

But we are of opinion that the deed of Phillips, bearing date September 14, 1874, vested the legal title to the property in controversy in the plaintiff in error.    It is said in 2 Washburn on Real Prop. (2d ed.) 588: "The object of names being merely to distinguish one person from another, it seems to be sufficient if this is effected, though the true name of the party be not used, or even no name at all.    The general principle of law is, *id certum est quod certum reddi potest,* and a man may be described by his office, or his relationship to a known person."    And hence it would, undoubtedly, have been sufficient, here, if the conveyance had been to "the corporation lately created for the purpose of aiding superannuated preachers of the Illinois Conference of the Methodist Episcopal Church, and the widows and orphans of such preachers," for this would be an accurate description of plaintiff in error, no other corporation for that purpose being shown to have been lately created.    But the deed under consideration is to "the Preachers' Aid Society of the Illinois Conference of the Methodist Episcopal Church."    Had it been shown that a corporation of that name existed, we would, of course, be bound to assume the conveyance was to such corporation ; but no such corporation being shown to be in existence, inasmuch as we must, from the language of the deed, infer it was intended to convey to some society or corporation, we are driven to the conclusion that these words were used to describe, rather than to express the accurate and full name of, the grantee ; and regarding them in this light, they clearly designate the plaintiff in error as the grantee.    The plaintiff in error is a "Preachers' Aid Society

9—106 ILL.

of the Illinois Conference of the Methodist Episcopal Church,"
and none other is shown to exist,—so by no possibility could
these words refer to any other corporation than plaintiff in
error.   This, in connection with the fact of the delivery to
and continued possession by plaintiff in error of the con-
veyance, renders it absolutely certain the conveyance is to
plaintiff in error.  But if this deed vested no title, then the
deed of April 10, 1882, unquestionably did,—and that was
executed before this suit was brought.

The point, however, is made, that the act under which
plaintiff in error was incorporated was repealed by an act in
force July 1, 1874,—which was before the execution of the
first deed by Phillips.   Waiving the question of the right of
the defendant in error to urge this objection in this suit, we
answer, the repealing act referred to has a saving clause in
favor of corporations created and rights acquired under the
acts repealed, which are expressly declared not to be affected
by the repealing act.   (Rev. Stat. 1874, p. 1046, sec. 2.)
Plaintiff in error was incorporated on the 24th of September,
1870, and thence hitherto has been, and still is, a corporate
body.   After incorporation it became entitled, in equity, to
have the property conveyed by Griffith to Phillips conveyed
to it, upon the trusts declared by Griffith, and so neither the
corporate body, nor its rights in regard to this property, were
affected by the repeal of the statute under which plaintiff in
error was incorporated.

We are unable to discover any merit in the cross-errors
assigned by the defendant in error.   When (a new trial under
the statute being awarded) the plaintiff dismissed its suit, all
proceedings in the cause up to that time were wiped out.
They were then as if they never had been, (*Edwards* v. *Ed-
wards*, 22 Ill. 121, and *Hawley* v. *Simons et al.* 102 id. 115,)
and it would necessarily follow, the judgment thus wiped out
could not be pleaded or given in evidence for any purpose in
any subsequent suit.   What has been already said in dis-

cussing the effect of the conveyances, sufficiently answers the points made under the other cross-errors.

The defendant in error has not shown a shadow of right to the possession of this property, while the plaintiff in error has shown a perfect legal title thereto.

The judgment below is reversed, and the cause remanded, with direction to the court below to enter judgment for the plaintiff in error for the recovery of the possession of the property described in the declaration.

*Judgment reversed.*