JAY LAWRENCE *et al.*

*v.*

JOHN T. LAWRENCE *et al.*

*Opinion filed October 13, 1899.*

1. TRUSTS—*a trustee's interest in real estate is commensurate with his powers.* A trustee empowered to convey land to the objects of the settlor's bounty acquires whatever estate, even to a fee simple, is needed to enable him to accomplish the purposes of the trust.

2. SAME—*trust is not passive if trustee is required to convey the title on happening of contingency.* If a trustee is required to convey the title to the beneficiaries on the happening of a certain event the trust is not a passive or dry trust, and the Statute of Uses does not operate to vest the title in the usee.

3. SAME—*legal title held by a trustee descends to his heirs subject to the trust.* The title to lands held by a trustee invested with the legal title does not remain in abeyance on the death of the trustee or vest in the courts of equity, but passes to the trustee's legal heirs, subject to the trust.

4. SAME—*voluntary trust for settlors' benefit requires no further consideration.* A trust created by deed, whereby land is voluntarily settled for the benefit of the settlors during their natural lives, with remainder in fee to and for the benefit of their heirs, and concerning which nothing remains to be done by the settlors to give it effect, may be enforced without regard to the presence or absence of any further consideration.

5. SAME—*revoking clause is not essential to validity of voluntary settlement.* In the absence of fraud, accident or mistake the validity of a voluntary settlement is not affected by the fact that the trust deed creating it does not contain a revoking clause.

6. PARTIES—*when trustee's heirs are necessary parties to bill to cancel trust deed.* Heirs to whom land held in trust by an ancestor has descended, subject to the trust, are necessary parties to a proceeding instituted for the purpose of divesting them of the title.

7. PLEADING—*allegation that grantors did not comprehend effect of deed must be supported by allegation of accident or mistake.* An averment that the grantors in a deed conveying land in trust did not comprehend the legal effect of the instrument furnishes no reason for vacating it, in the absence of an allegation of mistake or misunderstanding as to its purport and effect.

8. APPEALS AND ERRORS—*chancellor's findings presumed sustained by proof, in absence of certificate of evidence.* It will be presumed, in the absence of a certificate of evidence showing what testimony was produced orally, that the findings of the chancellor were supported by adequate proof.

9. SAME—*affirmative decree must be justified by the evidence in the record or by the specific findings of fact.* A decree in chancery granting affirmative relief must be supported, on error or appeal, by testimony preserved in the record or by the specific findings of fact recited in the decree.

10. DEEDS—*when trust deed is well delivered.* It is a good delivery of a trust deed where the grantor leaves it to be recorded in obedience to the trustee's instructions and with the intention of passing the title.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. CYRUS EPLER, Judge, presiding.

On the 12th day of August, 1868, the defendants in error, who are husband and wife, as parties of the first part and grantors, and one Eliza A. Lawrence, as party of the second part and grantee, executed a certain trust deed and acknowledged the same in compliance with the statute then in force with reference to the valid execution of instruments for the conveyance of real estate. By said deed said defendants in error conveyed certain lands in Logan county to the said Eliza A. Lawrence as trustee, to "hold the legal estate or title in the said premises to the sole and separate use and benefit of Frances Lawrence, wife of the said John T. Lawrence, for and during the natural life of the said Frances Lawrence, with full and absolute right to the said Frances Lawrence, during her lifetime, to enjoy the use, rents, issues and profits thereof, and upon her decease to hold the same to the sole and separate use and benefit of the said

John T. Lawrence for and during his natural life, with full power to the said John T. Lawrence, during his lifetime, to enjoy the rents, issues and profits thereof provided he shall survive his said wife, but if he shall not survive his said wife, then, in trust, upon the decease of the said Frances Lawrence to re-convey said premises, by a good and sufficient conveyance, to the legal heirs of him, the said John T. Lawrence." The deed also contained the following provision: "And it is further provided, that in case of the decease of the said party of the second part, or her legal incapacity, before the full execution, discharge and performance of all and singular the trusts in and by this deed created and declared, then the trust herein created shall be executed, discharged or performed by the court of chancery having jurisdiction within and for the county of Logan, and upon the happening of either of the contingencies last aforesaid the estate granted and conveyed in and by this deed shall vest in such court, subject to all and singular the trusts and confidences in this deed created and declared, and said court shall exercise the same powers and perform all and singular the trusts that may remain unexecuted, and perform with the same legal effect, as the said party of the second part might or could were he capable of performing the same, in such manner as said court may order and decree."

On the 15th day of August, 1896, the defendants in error exhibited their bill in chancery in the circuit court of Logan county praying for a decree declaring the said deed to be null and void and canceling the same and expunging it from the record. The bill alleged the said Eliza A. Lawrence had departed this life; that the complainants were in the possession of the said premises when the said deed was executed and have ever since remained in possession thereof; that the defendants to the bill (plaintiffs in error) are the children of the said defendants in error. The further allegations of the bill

are as follows: "Orators further represent that said trust deed is void because, first, the same was made without consideration for the execution thereof; second, because the said deed contained no provision by which the same might be canceled at the election of the grantors; third, that at the time said deed was executed they did not know that said deed did not contain a provision whereby the said deed might be canceled; fourth, that neither of orators comprehended the legal effect of said deed at the time of the execution thereof."

The adult defendants suffered default. The minors answered by their guardian *ad litem,* submitting their rights to the consideration of the court and demanding strict proof of the bill. The cause was heard on the bill, answers, proof taken before the master and proofs heard in open court, and decree entered granting the relief prayed in the bill. The defendants to the bill have prosecuted this writ of error to reverse the decree.

BROWN, WHEELER, BROWN & HAY, for plaintiffs in error.

J. T. HOBLIT, and BLINN & HARRIS, for defendant in error Frank E. Starkey.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The estate of a trustee in the real estate which is the subject matter of the trust is commensurate with the powers conferred by the trust and the purposes to be effected by it. The trustee acquires whatever estate, even to a fee simple, is needed to enable him to accomplish the purposes of the trust. (*Preachers' Aid Society* v. *England,* 106 Ill. 125; *West* v. *Fitz,* 109 id. 425; 27 Am. & Eng. Ency. of Law, 110-113, 117.) When the trustee is directed and empowered to convey the land to the objects of the settlor's bounty, the legal estate necessarily vests in the trustee. If a trustee is required to grant a fee, the fee must be

conferred upon him. (*Kirkland* v. *Cox*, 94 Ill. 400; *Preachers' Aid Society* v. *England, supra.*) Where, as here, the trustee is required to convey the title to the beneficiaries on the happening of a certain event, the trust is not a passive or dry trust and the Statute of Uses does not operate to vest the title in the usee. (*Kirkland* v. *Cox, supra; Preachers' Aid Society* v. *England, supra.*) The legal title to the premises here involved rested in the trustee. Upon her death the title did not remain in abeyance. Courts of equity may be vested with the power to appoint a successor to a trustee in whom title to lands may rest, but such title cannot descend to and vest in the courts of equity. The title held by the trustee in this instance, upon her death passed to her legal heirs, subject to the trust. (27 Am. & Eng. Ency. of Law, 92.) Such heirs were necessary parties to any proceeding instituted for the purpose of divesting them of such title. *Skiles* v. *Switzer*, 11 Ill. 533.

The allegations of the bill are insufficient to justify a decree vacating the deed. The trust was a voluntary settlement for the benefit of the settlors during their natural lives, with remainder in fee to and for the benefit of their heirs. It was perfectly created, so that nothing remained to be done by the settlors to give it effect, and it may be enforced without regard to the presence or absence of any further consideration. *Massey* v. *Huntington*, 118 Ill. 80.

The bill alleges that the grantors did not know the trust deed did not contain a revoking clause. But there is no averment they desired or expected such a clause to be inserted, or that accident, mistake or fraud in any way intervened. It is not indispensable to a voluntary settlement it should contain a power of revocation. "There is no such rule that the want of a power of revocation in a voluntary settlement, or the want of advice as to the insertion of such a power, will afford ground, in equity, for the donor to set aside such a settlement, but that the same is a circumstance, and a circumstance merely, to be

taken into account in determining upon the validity of the settlement, and of more or less weight, according to the facts of each particular case." *Finucan* v. *Kendig*, 109 Ill. 198; *Patterson* v. *Johnson*, 113 id. 559.

The allegation the grantors did not comprehend the legal effect of the instrument furnished no reason for vacating it. The bill does not allege the legal effect was different from what it was intended it should be, or that the grantors understood it would have any different effect from that which the law would give it. There is no averment of mistake, misapprehension or misunderstanding as to the purport and effect of the deed. The court, however, found the deed had not been delivered. The decree was entered upon proofs taken and reported by the master and proofs heard in open court. There is no certificate of evidence, hence we cannot know what testimony was produced orally. In such state of case we must assume the findings of the court were supported by adequate proof. Waiving the application of the rule that the allegations of a bill and the proof must correspond, and that a party is not entitled to relief, though the evidence may warrant it, unless there are averments in the bill to which the evidence may apply, we are of opinion the decree can not be supported on the ground there was no delivery of the deed. When a decree in chancery granting affirmative relief is brought into review on error or appeal, the rule is the decree must be supported by testimony preserved in the record or by the facts appearing from specific findings of fact recited in the decree. (*First Nat. Bank* v. *Baker*, 161 Ill. 281.) The decree recites that the deed was prepared by an attorney who was acting on behalf of the trustee, and as to the delivery thereof the facts are found and recited, as follows: "Said attorney, without explaining the contents of the said deed or the legal effect thereof, delivered said deed to complainant John·T. Lawrence, who, together with his wife, Frances Lawrence, executed and acknowledged the same before a

justice of the peace, and after said deed had been signed by the trustee, Eliza A. Lawrence, with whom both of said complainants were then living, complainant left said deed with the recorder of Logan county to be recorded, under the instructions and directions of said attorney."

The law presumes much more in favor of the delivery of deeds in case of voluntary settlements than in ordinary cases of bargain and sale. (*Union Mutual Life Ins. Co.* v. *Campbell*, 95 Ill. 267; *Williams* v. *Williams*, 148 id. 426.) No formal delivery to the grantee or trustee in person is necessary. The intention of the party is the controlling element. (*Walker* v. *Walker*, 42 Ill. 311.) Here it appears from the findings of the court the deed was prepared by an attorney who was acting for the trustee, who, after it was prepared and was ready to be executed, handed it to the defendant in error John T. Lawrence; that said defendants in error then executed and acknowledged it; that it was then signed by the trustee, and that the defendant in error John T. Lawrence, by the instruction and direction of the attorney of the said trustee, took the deed to the recorder of deeds and left it with him to be recorded. The deed was duly spread of record by the proper recorder of deeds two days after it had been executed and more than twenty-eight years before the bill to cancel it was exhibited. No fact is recited tending to show it was not the intention of the grantors to deliver the deed, and in such state of case the act of the grantors in delivering the deed to the recorder to be recorded, in obedience to the directions of the trustee through her attorney, was equivalent to the manual delivery of the deed to the trustee. "Leaving the deed to be recorded will be a good delivery if done with the knowledge of the grantee, and with the evident or expressed intention that the title is to pass to the grantee." 5 Am. & Eng. Ency. of Law, 447; *Weber* v. *Christen*, 121 Ill. 91.

The decree must be reversed and the cause remanded.

*Reversed and remanded.*