ELIZABETH C. TRAFTON

*v.*

ANDREW G. BLACK, Exr.

*Opinion filed October 19, 1900.*

1. WILLS—*when charitable trust will not be held void for uncertainty.* A charitable trust created by will will not be held void for uncertainty as to the persons or objects to which it is to be applied, if there be some one appointed by the will to make the selection and render such persons or objects certain.

2. SAME—*charitable bequest construed as valid.* A bequest to the testator's executor in trust, for the purpose of erecting church buildings within the limits of prescribed territory for certain named denominations, creates a public charitable trust, and is not invalid because the trustee is given discretionary power to select the sites within such territory, and the particular denominations, from those named, to be the objects of the testator's bounty.

APPEAL from the Circuit Court of White county; the Hon. P. A. PEARCE, Judge, presiding.

ORGAN & ASHLEY, and I. T. SPENCE, for appellant.

J. I. McCLINTOCK, and C. S. CONGER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Silas W. Powell, Sr., of White county, died leaving a last will and testament, of which he appointed the appellee, Andrew G. Black, executor. The will was admitted to probate. It gave the estate to the executor in trust, to apply it, after the payment of debts and expenses, to the erection of church buildings for certain specified denominations within a prescribed territory, with a discretionary power in the selection of places and religious denominations. The appellant, Elizabeth C. Trafton, a sister and one of the heirs of the testator, filed her bill in this case against the other heirs-at-law and said executor to set aside said will as void on its face because of the uncertainty of its provisions and the discretion left to the executor and trustee. The language of the will upon this question is as follows:

"*Second*—I give and bequeath to Andrew G. Black, the executor of this my last will hereinafter nominated, and to his successor in trust to be appointed as hereinafter set forth, all my real and personal estate in trust, to be applied to the following uses and purposes, namely: First, to the payment of my funeral expenses, my just debts, and the expenses of settling my estate and of executing the provisions of this will, and all the remainder of my estate of every nature, subject to the provision to Sarah E. Jones hereinafter set forth, shall be applied by the said Andrew G. Black, and by his successor in trust, to the erection of church buildings in that part of Illinois bounded on the north by the main line running east and west of the present Baltimore and Ohio Southwestern railway, such church buildings to be for any of the following denominations, viz.: Regular Baptist, Missionary Baptist, Free-Will Baptist and Cumberland Presbyterian, or the denominations usually called by those names; and this use and purpose to be carried out and completed

within five years after my death, except as to the provision made for Sarah E. Jones. * * * I hereby give to the said Andrew G. Black, and to his successor in trust, full discretion as to the amount to be paid for any church building, and give to him, or to his successor in trust, the right to select the places for such buildings and the denominations for which the same shall be built, subject only to the restriction as to territory and denomination hereinbefore expressed; and I give to him and to his successor in trust power to sell any of my real estate at public or private sale, without the intervention of any court, and to execute deeds therefor."

Sarah E. Jones, for whom the provision mentioned in the will was made, died before the testator. The bill was answered by the executor, admitting the facts alleged but denying that the will was invalid for any reason. The answer of the guardian *ad litem* for minor defendants was in the usual form, and the answers were replied to. The cause was submitted to the court on the bill, answers and replications under a stipulation of the parties, and the court sustained the will and dismissed the bill for want of equity. A similar stipulation is made in this court, that the case shall be decided upon the bill, answers and replications upon the question whether the will "is void because of being too uncertain in its terms and provisions, or whether its terms and provisions are so uncertain as to render it void in law."

The argument made against the validity of the will is, that the trust is void because nothing was given to any particular church or society or the trustee of any institution, but the trustee can do as he may think fit in the execution of the trust, and may withhold from one denomination and give any amount of the fund to a particular church or denomination, at his pleasure.

The will creates a charitable trust. (*Crerar* v. *Williams*, 145 Ill. 625; *Hoeffer* v. *Clogan*, 171 id. 462.) Such trusts are distinguished from other trusts in important particulars,

and in this State they are never held to be void on account of any uncertainty as to the persons or objects to which they are to be applied, if there be some one appointed by the will to make the selection and render such persons or objects certain. A bequest for charity will be sustained and enforced although the objects of the charity are indefinite and uncertain and much is left to the discretion of the trustee in the application of the testator's bounty to the intended objects. (Pomeroy's Eq. Jur. sec. 1025.) Under the rules governing such trusts, a bequest for a school district, to be administered by a trustee for school purposes and for the poor of a certain county, has been sustained. (*Heuser* v. *Harris*, 42 Ill. 425.) Also, a trust for the worthy poor of a certain city, the income to be distributed annually in such manner as a court of chancery might direct, (*Hunt* v. *Fowler*, 121 Ill. 269,) and a trust for the widows and home and school for orphans of the deceased members of the Brotherhood of Locomotive Engineers, under such rules and regulations as shall be provided by the brotherhood. (*Guilfoil* v. *Arthur*, 158 Ill. 600.) It was the will of Silas W. Powell that his executor should select, from among prescribed religious bodies and within certain territorial limits, the objects of his bounty. To provide for the choice of the executor in that matter and vesting such discretionary power was a part of his plan. There is no power in the executor and trustee to divert any portion of the property or fund from charity, but only a power of selection of the denominations and places where the trust shall be applied. The will created a public charitable trust which is valid, and the bill was properly dismissed.

The decree of the circuit court is affirmed.

*Decree affirmed.*