DELLA WELCH *et al.*

*v.*

ELSIE CALDWELL *et al.*

*Opinion filed April 18, 1907.*

1. WILLS—*when the will does not fail to appoint a trustee.* If a testator, in creating a trust for charitable purposes, charges his wife, by name, with duties properly belonging to a trustee, the fact that the testator merely designates her as executrix, without distinguishing the duties imposed upon her as trustee from her duties as executrix, does not amount to a failure to appoint a trustee.

2. SAME—*when executrix is invested with the powers of a trustee.* Where the testator's wife is invested, by name, with power to select the beneficiaries of the testator's bounty under a charitable bequest and to determine the amounts to which they shall be entitled, and, as executrix, is vested with power to make all deeds and leases necessary to carry òut the trust, she is invested with all the necessary powers of a trustee, notwithstanding the testator does not expressly designate her as trustee but only as executrix.

3. SAME—*when a charitable bequest is not void as not devoted solely to charity.* A clause of a will providing that "a part" of the income of the testator's estate over and above the bequests previously given shall be devoted to charitable purposes will not be held void, as permitting a portion of the bequest to be used for other purposes, where there is no other disposition of the testator's property aside from the specific bequests, and where the will names one beneficiary and authorizes the wife to name the others, and provides that at her death all the rest and residue of the estate shall be devoted to charitable purposes, the wife to designate, in her lifetime, the amounts and specific purposes.

4. SAME—*the presumption against intention to die intestate is strong.* The presumption that a testator intends by his will to dispose of his entire estate is so strong that courts will adopt any reasonable construction of the will rather than hold that he intended to die intestate.

5. SAME—*when discretion of trustee in selecting beneficiaries is not unlimited.* A will providing that a part of the income of the testator's estate shall be devoted to charitable purposes, a certain named beneficiary "to receive a portion of such bequest," but which leaves the amounts and purposes of the bequest to the discretion of the testator's wife, does not make such discretion unlimited, and the beneficiaries selected by her can only share with the one named

in the will; and in default of any selection by the wife the named beneficiary will be enttitled to the whole income.

6. SAME—*the statute of Elizabeth is in force in Illinois as part of the common law.* Since the statute of 43 Elizabeth is a part of the common law of Illinois, the courts of Illinois will not declare a charitable trust void for want of certainty in the objects of the trust if there is a power of appointment somewhere by which the objects may be rendered certain; and if there is sufficient certainty to enable a court, in the exercise of its ordinary chancery powers, to carry out the testator's charitable intent, the trust will not be allowed to fail.

7. SAME—*rule where trustee is required to designate the beneficiaries.* If the trustee is required by the will to designate the beneficiaries of a charitable bequest but no trustee is appointed by the will and no power is given to the court to appoint one, the gift is so imperfect that it cannot be administered; but if a trustee is appointed or the appointment is referred to the court the trust will be valid.

8. SAME—*when gift to charity is not void for uncertainty of object.* A clause in a will providing that after the death of the testator's wife "all the rest and residue of my estate I direct shall be used for charitable and religious purposes, my said wife to direct, in her lifetime, in what amounts and for what specific purposes said estate shall be used," is not void for uncertainty of the objects of the trust, since the wife has power to make such objects certain.

9. SAME—*discretion as to designating beneficiaries of a charitable trust is not equivalent to making a will for the testator.* Under a will devising the rest and residue of the testator's property, after his wife's death, to charitable purposes, but directing the wife, in her lifetime, to determine the amounts and specific purposes, the wife cannot devote the estate to other than charitable uses as defined by law; and the fact that she has a broad discretion in selecting the particular beneficiaries is not equivalent to making a will for the testator.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

APOLLOS W. O'HARRA, and SHERMAN, TUNNICLIFF & GUMBART, for plaintiffs in error:

While the statute of charitable uses of 43 Elizabeth, chap. 4, is in force in this State and the doctrine of executing trusts *cy pres* is recognized by our courts, yet the val-

idity of devises and bequests must be determined by well
defined legal rules and principles, and not by arbitrary dis-
cretion or unlimited power of the courts.  2 Underhill on
Wills, sec. 824; 2 Perry on Trusts, secs. 718, 727, 729;
*Fontain* v. *Ravenel,* 17 How. 369; *Starkweather* v. *Bible
Society,* 72 Ill. 50; *Hunt* v. *Fowler,* 121 id. 269; *Vidal* v.
*Girard's Exrs.* 2 How. 127; *Jackson* v. *Phillips,* 14 Allen,
564; *Grant* v. *Saunders,* 95 N. W. Rep. 411; 5 Am. &
Eng. Ency. of Law, 897; 6 Cyc. 901.

Although in charitable trusts the beneficiaries may be
uncertain and it is permissible for the testator to authorize
the trustees to select the particular objects, yet the language
of the will must not be so general and vague as to leave
both the beneficiaries and the purposes and objects com-
pletely to the judgment and choice of the trustee or of the
court.  2 Pomeroy's Eq. Jur. (1882 ed.) par. 1019; 2 Un-
derhill on Wills, sec. 832.

The uncertain beneficiaries must be so far limited as
to consist of a designated class or classes of persons or ob-
jects.  When the class is fixed by the testator he can au-
thorize another to exercise his discretion and make the
selection from such class, but an unlimited discretion is not
permissible.  2 Pomeroy's Eq. Jur. (1882 ed.) sec. 1025;
2 Perry on Trusts, (5th ed.) secs. 709, 732; *Hunt* v. *Fowler,*
121 Ill. 276; *Read* v. *Williams,* 125 N. Y. 560; *Prichard*
v. *Thompson,* 95 id. 76; *Tilden* v. *Green,* 130 id. 29.

That cannot be said to be a disposition by the testator's
will with which the testator has had nothing to do except
to create an authority in another to dispose of the property
according to the latter's will.  *Read* v. *Williams,* 125 N. Y.
569; *Johnson* v. *Johnson,* 22 L. R. A. 179; *Tilden* v. *Green,*
130 N. Y. 29.

The uncertainty or indefiniteness which will invalidate
a trust may relate to the purpose of the charitable trust it-
self, and it may cause a failure of the trust even where the
trust is indefinitely designated, if there is no means pointed

out by which the gift may be carried into effect. Underhill on Wills, sec. 826.

A bequest "for charitable purposes" is too indefinite. 2 Perry on Trusts, (5th ed.) secs. 713, 729; *Webster* v. *Morris,* 66 Wis. 366; *Maught* v. *Getzendanner,* 65 Md. 527; *Webster* v. *Morris,* 28 N. W. Rep. 353.

While equity favors charities, no forced construction will be adopted to uphold a charitable gift. Perry on Trusts, (5th ed.) sec. 709; *Attorney General* v. *Williams,* 2 Cox, 388; *Tatham* v. *Drummond,* 11 L. T. (N. S.) 325.

The eighth and ninth clauses of the will in question are so general, indefinite and uncertain as to render them void. Underhill on Wills, secs. 826, 832; 2 Perry on Trusts, sec. 713; *Read* v. *Williams,* 225 N. Y. 560; *Prichard* v. *Thompson,* 95 id. 76; *Schmucker's Estate* v. *Eel,* 61 Mo. 592; *Bristol* v. *Bristol,* 53 Conn. 242; *Webster* v. *Morris,* 28 N. W. Rep. 355.


W. M. VANDEVENTER, and D. P. PENNYWITT, for defendants in error:

Courts will adopt any reasonable construction of a will consistent with its terms, so as to give it effect to dispose of the testator's entire property, rather than hold that it was his intention to die intestate as to part thereof. *Minkler* v. *Simons,* 172 Ill. 323.

The law raises a presumption in favor of the residuary legatee against everybody except the particular legatee. *Crerar* v. *Williams,* 145 Ill. 625.

It is the fixed policy of the law to uphold charitable gifts. *Crerar* v. *Williams,* 145 Ill. 629; *Garrison* v. *Little,* 75 Ill. App. 402; *Hunt* v. *Fowler,* 121 Ill. 272; 2 Redfield on Wills, (2d ed.) 805.

A charitable trust created by will will not be held void for uncertainty as to the persons or objects to which it is to be applied if there be some one appointed by the will to

make the selection and render such persons or objects certain. *Trafton* v. *Black*, 187 Ill. 36; *Hoeffer* v. *Clogan*, 171 id. 462; *Guilfoil* v. *Arthur*, 158 id. 600; *Dalrymple* v. *Leach*, 192 id. 54; 1 Jarman on Wills, (5th Am. ed.) 680; Story's Eq. Jur. (12th ed.) sec. 1068; Perry on Trusts, sec. 112; *Crawford* v. *Cemetery Ass.* 218 Ill. 399.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of McDonough county sustained the demurrer of defendants in error, the executrix and beneficiaries of the will of Thomas J. Caldwell, deceased, to the bill filed against them by plaintiffs in error, heirs-at-law of said Thomas J. Caldwell, praying the court to declare clauses 8 and 9 of said will void, and all of the estate and property of testator, except the special bequests in the will, intestate estate. The will disposed of real estate as well as personal property in a different way from the course of descent prescribed by the statute, and a writ of error was sued out from this court to bring the record here for review.

The testator died on February 7, 1906. The will was executed on April 22, 1903, and was admitted to probate, and the widow renounced the provisions for her contained in it and elected to take such portion of the estate as the statute gives her. The will first provides for the payment of funeral expenses and the erection of a monument at the testator's grave to cost not less than $1000. The testator then gives to his brother, John H. Caldwell, $300 per annum during his natural life; to his sister, Thressa, the sum of $300 per annum during her natural life; and to Myra Caldwell Baumgardner, daughter of his nephew, $200 upon her arriving at the age of thirty years. He then devises to his wife the homestead and gives her the household goods, and $1000 annually during her natural life. The remainder of the will is as follows:

"*Eighth*—A part of the income of my estate over and above the bequests hereinbefore named, including the annual allowance set apart to my wife, I direct to be used for charitable purposes, the McDonough County Holiness Association to receive a portion of said bequest. The amount and purposes for which said bequests is to be used I leave to the discretion of my wife, Elsie Caldwell.

"*Ninth*—After the death of my said wife, Elsie Caldwell, all the rest and residue of my estate I direct shall be used for charitable and religious purposes, my said wife to direct in her lifetime in what amounts and for what specific purposes said estate shall be used.

"*Tenth*—I hereby authorize my executor hereinafter named to make and deliver all deeds or leases necessary for the carrying out of the provisions of this will and for the carrying into effect any of the contracts for deeds that may be uncompleted at the time of my death.

"*Lastly*—I hereby appoint my wife, Elsie Caldwell, to be the executrix of this my last will and testament, without bond, and request my said executrix to counsel with and advise with my attorney, D. P. Pennywitt, in the administration of my estate."

In the bill the eighth and ninth clauses of the will were alleged to be void by reason of the uncertainty of the objects and beneficiaries of the gifts, and counsel, in their brief and argument, maintain that they are void on that account and for the failure to create a trust or appoint a trustee to effectuate the purpose of the testator. We can not agree with the argument of counsel that no trust is created and no trustee designated to carry out the provisions of the will. The testator's wife, Elsie Caldwell, was appointed executrix. But counsel say that her duties as trustee are separable and distinct from her duties as executrix, and that her appointment was only as executrix. If she is charged with duties which properly belong to a trustee, and the testator merely named her as executrix without

distinguishing the duties imposed upon her, as such, from those imposed upon her as trustee, the designation which he gave her would not be permitted to defeat his intention. She is charged by the will with the duty of carrying out all of its provisions whatever relation she may sustain to the estate in so doing. The testator gave $300 per annum to each of two persons and intended that the same should be paid out of income. This is shown by the eighth clause, disposing of the income over and above the bequests, and by the tenth clause he authorized his executrix to make and deliver all deeds or leases necessary to carry out the provisions of the will. As the executrix was vested with power to make deeds and leases and to apply income to the payment of annual bequests and charitable purposes, she must be held to be invested with such estate as is necessary for that purpose. A trust is created, and Elsie Caldwell, by whatever title designated, is invested with the control of the trust estate during her life, to be applied to the purposes designated by the testator. The power to select the beneficiaries and determine the amounts to which they shall be, respectively, entitled, is given to her by name and not under the description of executrix. She has the power of appointment, to be exercised during her lifetime, of the rest and residue of the estate to charitable uses after her death. The same person is charged with all the duties and trusts and given all the powers to be exercised under the will.

It is further urged that the eighth clause is void on the ground that only a part of the income above bequests is to be used for charitable purposes and a part may be devoted to purposes not charitable. The subject matter of a gift to charity must be certain, and if the testator intended that only some indefinite or uncertain part of the income above the bequests should be devoted to charity the provision would be void. If a part of the property may be devoted to some other purposes than the charity a trust will not attach. (*Mills* v. *Newberry*, 112 Ill. 123.) In this case

the will does not provide for devoting any part of the income above the bequests to other than charitable uses, and even if any part of it should not be so used in the lifetime of the widow, it would fall into the residue and after her death go to such purposes. There is no other disposition of the testator's property aside from the specific bequests, and there is a presumption that a testator intends to dispose of his entire estate, so strong that the court will adopt any reasonable construction of a will rather than hold that he intended to die intestate as to any part of his property. (*Scofield* v. *Olcott*, 120 Ill. 362; *Minkler* v. *Simons*, 172 id. 323.) In view of this presumption it must be held that the testator did not mean that only a part or some indefinite share of income should be devoted to charity, but that the part of such income over and above the bequests should be used for charitable purposes.

There is no uncertainty or indefiniteness as to the subject matter of the charitable trusts, which includes all of the income and estate over and above the specific bequests. The important question is whether the charitable objects and purposes are sufficiently certain. In the eighth clause there is a definite beneficiary named, capable of enforcing the trust. It is not contended by counsel that the Holiness Association cannot call for an enforcement of the trust for its benefit, and while the executrix is permitted by the will to select other objects in addition to that association, her discretion is not an unlimited one, and any other beneficiary selected by her can only participate with the Holiness Association. The testator declared that the Holiness Association should be a beneficiary, and in default of the exercise of the power given to the widow to select other objects the association would be entitled to the income.

The ninth clause is a gift of the rest and residue of the estate, at the death of the widow, to charitable and religious purposes generally, without specifying the particular objects, but with power given to the widow to select such

objects; and various decisions of other courts are cited in which like provisions, not designating any particular class from which the selection is to be made, have been held to be void for uncertainty. It would be neither profitable nor justifiable to review those decisions in detail. Their practical effect is, that unless there is such certainty in the class from which the individual beneficiaries are to be selected that a court of equity can distribute the fund or enforce the trust in default of the exercise of the power of appointment, the provision will be held void. There is, perhaps, no subject concerning which there is a greater diversity of decisions in the different States than the certainty and definiteness required in the beneficiaries and objects of a charity. The radical differences in the views of the courts have been produced, to some extent, by statutory provisions, and largely by the question whether the statute of 43 Elizabeth has been recognized or adopted as the law of the State. In some States the statute is not recognized as a part of the law, and in others all trusts, except those specifically enumerated in statutes, have been abolished, and in those States objects and beneficiaries must be described with great certainty. In States where the statute of Elizabeth is in force as a part of the law, the disposition has been to follow English rules to a great extent and to permit a great degree of uncertainty as to beneficiaries. The effort of such courts is to sustain a gift to charity if it can be done, and they will not declare a trust void if there is a power of appointment somewhere, by which the object may be rendered certain. In this State the statute is a part of the common law. (*Heuser* v. *Harris,* 42 Ill. 425; *Andrews* v. *Andrews,* 110 id. 223; *Hunt* v. *Fowler,* 121 id. 269; *Hoeffer* v. *Clogan,* 171 id. 462.) In England, where there was a gift to charity generally but no definite beneficiaries were named or specific charitable purposes enumerated, the donation was controlled and carried into effect under the prerogative power of the king, but the courts of this State do not

assume to exercise that prerogative power. If, however, there is sufficient certainty to enable the court, in the exercise of its ordinary chancery powers, to carry out the donor's charitable intent it will not be allowed to fail. If a trustee is required, in the administration of the charity, to fix the beneficiaries, and no trustee is appointed and no power given to the court to appoint one, the gift will be so imperfect that it cannot be administered, but if a trustee is appointed or the appointment is referred to the court the trust will be valid. (*Hunt* v. *Fowler, supra.*) If the subject and object of the trust are definitely declared the trust will not be allowed to fail for want of a trustee. *Hoeffer* v. *Clogan, supra.*

This court has uniformly dealt with all classes of gifts to charity with the greatest liberality, and much uncertainty or indefiniteness as to beneficiaries has been permitted. Trusts have been sustained for the benefit of superannuated preachers of a certain conference and the widows and orphans of such preachers; (*Preachers' Aid Society* v. *England,* 106 Ill. 125;) for the widows and orphans of the Brotherhood of Locomotive Engineers, regardless of location; (*Guilfoil* v. *Arthur,* 158 Ill. 600;) and for educating boys who reside in the State of Illinois, between the ages of twelve and eighteen years, and who are unable to educate themselves. (*Grand Prairie Seminary* v. *Morgan,* 171 Ill. 444.) It has also been deemed sufficient that provision was made for rendering the object of charity certain, and in *Trafton* v. *Black,* 187 Ill. 36, it was said that charitable trusts are never held to be void on account of any uncertainty as to the persons or objects to which they are to be applied, if there be some one appointed by the will to make the selection and render such persons or objects certain. In that case the trust was for the erection of church buildings for any of several different denominations at any place in a large area of the State. It was uncertain both as to place and beneficiaries, but it was deemed sufficient that they could

226—32

be rendered certain by the trustee, who was authorized to select the places and denominations. It is conceded that a charitable gift cannot be sustained where no beneficiary is indicated and no person is appointed to select the beneficiary; but that will be regarded as certain which may be rendered certain, and certainty is secured where a power of selection or appointment is vested in some person. That is the rule of courts adopting the liberal doctrines of this court concerning charitable uses. 6 Cyc. 945; 5 Am. & Eng. Ency. of Law, (2d ed.) 905; *Minns* v. *Billings,* 66 N. E. Rep. 593.

The testator in this case provided for devoting the income of his estate, above the bequests, to the Holiness Association and other charitable purposes selected by his widow, and vested her with a power of appointment of the rest and residue of the estate to charitable and religious purposes after her death. It is argued that this was not making a will for himself but authorizing his widow to make one for him. We do not agree with counsel in that conclusion. The widow cannot devote the estate to other than charitable uses, and the fact that she has a large discretion as to the particular charitable purposes is not equivalent to making a will for the testator. Charitable uses are clearly defined in the law, and are such uses as come within the general intent and scope of the statute of Elizabeth and the often repeated definition of Mr. Justice Gray in the case of *Jackson* v. *Phillips,* 14 Allen, 564, adopted by this court in *Crerar* v. *Williams,* 145 Ill. 625. In devoting the estate to such purposes the widow will carry out the will of the testator.

There is no limitation over of the rest and residue of the estate in default of appointment by the widow, but there is at present no question as to the disposition of the estate in that event, nor whether the court could enforce the trust created by that clause and select the objects of the charity in default of the exercise of the power given to the widow.

If the power shall be exercised as provided in the will, the trust will be administered and the estate disposed of according to the will of the testator.

The decree is affirmed.

*Decree affirmed.*