(No. 19300.—)

SAMUEL V. McGEE *et al. vs.* WILTON M. VANDEVENTER
*et al.* Appellees.—(DON P. PENNYWITT, Appellant.)

*Opinion filed February 20, 1929—Rehearing denied April 20, 1929.*

DIETZ, J., dissenting.

PHILIP E. ELTING, and CHARLES J. SCOFIELD, for appellant.

D. E. KEEFE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1927, this court reversed a decree of the circuit court of McDonough county which overruled a demurrer to a third amended and supplemental bill filed by the heirs of Thomas J. Caldwell, who died testate on February 7, 1906, for the partition of certain real estate which he had owned in his lifetime but which it was alleged he had not disposed of by his will, and ordered partition of the real estate. Some of the defendants to the bill who had demurred elected to stand by their demurrers, while

others, among whom was the present appellant, Don P. Pennywitt, filed answers, and the decree was entered against those defendants, only, who had declined to answer, and expressly provided that the commissioners should not make partition until after the final determination of the case as to the parties who had not stood by their demurrers, and that the decree should not be binding upon or affect the rights of any of the defendants except those who had stood by their demurrers and against whom the bill had been taken as confessed for refusal to answer. *McGee* v. *Vandeventer,* 326 Ill. 425.

The will of Thomas J. Caldwell, executed on April 22, 1903, after providing for the payment of his debts and funeral expenses, some minor bequests and certain provision for his wife, continued as follows:

"*Eighth*—A part of the income of my estate over and above the bequests hereinbefore named, including the annual allowance set apart to my wife, I direct to be used for charitable purposes, the McDonough County Holiness Association to receive a portion of said bequest, the amount and purposes for which said bequests is to be used, I leave to the discretion of my wife, Elsie Caldwell.

"*Ninth*—After the death of my wife, Elsie Caldwell, all the rest and residue of my estate I desire shall be used for charitable and religious purposes, my said wife to direct in her lifetime in what amount and for what specific purposes said estate shall be used.

"*Tenth*—I hereby authorize my executor hereinafter named to make and deliver all deeds or leases necessary for the carrying out of the provisions of this will and for the carrying into effect any of the contracts for deeds that may be incompleted at the time of my death."

The testator's widow, Elsie Caldwell, was nominated as executrix. Letters testamentary were issued to her upon probate of the will, and within a year she renounced the benefit of the provision made for her by the will and elected

to take her statutory rights in the estate, which consisted of 378 acres of land, a residence occupied as a homestead in the city of Macomb, and personal property exceeding $40,000 in value.

The heirs of the testator soon after his death began a suit in the circuit court of McDonough county to declare paragraphs 8 and 9 of the will void and all of the estate of the testator, except the special bequests in the will, intestate. The court sustained a demurrer by the executrix and beneficiaries of the will to that bill, the decree dismissing the bill for want of equity was affirmed, and it was held that the will created charitable trusts capable of enforcement of which Elsie Caldwell was the trustee, with power as such to appoint the beneficiaries of the trusts and the amounts and purposes for which the estate should be used. It was also held that the ninth paragraph of the will was a gift of the rest and residue of the estate, at the death of the widow, to charitable and religious purposes generally, without specifying the particular objects but with power given to the widow to select such objects; that such power was valid, and if exercised the estate would be disposed of according to the testator's will. *Welch* v. *Caldwell*, 226 Ill. 488.

Elsie Caldwell died on January 17, 1924, leaving a will, which purported to exercise the power of appointment created by the will of Thomas J. Caldwell, and the question for determination in the case of *McGee* v. *Vandeventer, supra,* was whether her will was a valid execution of the power. The appellants in that case were the executor of Mrs. Caldwell's will and the claimants, as beneficiaries of the will of Caldwell, under the appointment of Mrs. Caldwell's will, and the decision was that Mrs. Caldwell's will, dated July 19, 1921, was a valid exercise of the power and a direction in her lifetime in what amount and for what specific purposes the estate of Caldwell should be used, as authorized by the ninth paragraph of his will.

Don P. Pennywitt was not a party to that adjudication or in any way affected by it, since he had not abided by his demurrer to the third amended bill but had filed an answer to it and had been expressly excluded from the decree.

Upon the remandment of the cause the original complainants, the heirs of Thomas J. Caldwell, filed a fourth amended and supplemental bill and Pennywitt filed his answer to it, which was substantially the same as the answer which he had previously filed to the third amended bill. Pennywitt, who had also filed a cross-bill alleging that Elsie Caldwell, long before the execution of her will, executed an instrument in writing under seal whereby she appointed Pennywitt, together with Albert Eads and Stephen E. Blackstone, both of whom had since died, trustee to carry out the trusts created by the will of Caldwell, and that Pennywitt, Eads and Blackstone, by a written declaration of acceptance signed by them on said instrument of writing, accepted the trust and appointment, and praying for the establishment and confirmation of the trust so created in the cross-complainant as the surviving trustee, filed by leave of court a second amended cross-bill, which was practically the same as the first amended cross-bill except that it contained additional allegations in opposition to the claim of the heirs of Caldwell that the judgment of the Supreme Court on the appeal had been an adjudication against Pennywitt's claim. The complainants in the fourth amended original bill, the heirs of Caldwell, then filed a disclaimer of any interest in the suit or right in the subject matter, stating that the court might dismiss the bill as far as the complainants were concerned. This action eliminated the heirs of Caldwell from the litigation, leaving the only question pending that between Pennywitt, claiming as trustee under the alleged earlier appointment of Mrs. Caldwell, and the beneficiaries under the appointment in her will. Demurrers were filed to the amended cross-bill and were sustained by the court, which dismissed the cross-bill for want

of equity. The complainant in the amended cross-bill has appealed.

The question is whether the second amended cross-bill shows a valid exercise by Mrs. Caldwell of the power of appointment under her husband's will, and if it does, whether such appointment is revocable and has been revoked.

The will of Thomas J. Caldwell created two separate trusts—one by the eighth paragraph, which was held in *Welch* v. *Caldwell, supra,* to be a gift of the entire income of the estate over and above the bequests named to the Mc-Donough County Holiness Association in default of the exercise of the power given to the widow to select other beneficiaries; the other, by the ninth paragraph, of the rest and residue of the estate, at the death of the widow, to charitable purposes generally, without specifying the particular objects but with power given to the widow to select such objects. The power created by the two paragraphs is not the same, the subject matter is different, that of the eighth paragraph being the net income of the estate during the life of the widow, that of the ninth the *corpus* of the estate after her death. The case of *Welch* v. *Caldwell* was decided in April, 1907. The appellant in his cross-bill alleges that in July of that same year Mrs. Caldwell executed a deed or instrument of writing under seal whereby she appointed Pennywitt, Eads and Blackstone, and the survivors or survivor of them, trustees to carry into effect the trust created by the will, and sets out in his cross-bill the substance of such deed, as follows:

"I, Elsie V. Caldwell, widow of Thomas J. Caldwell, deceased, and executrix of the last will and testament of Thomas J. Caldwell, deceased, and appointee thereunder, to declare, appoint and designate beneficiaries under the trust created by and under the said last will and testament, and for the purpose of carrying out the intent and purpose of said trust, and to designate amounts where practical to be used for the various purposes of the trust so designated,

and to appoint trustees to carry out the intents and purposes of the trust in said will created, do under and by virtue of the power and authority vested in me, by and under the terms of the last will and testament of Thomas J. Caldwell, deceased, hereby designate and declare the following named persons, subjects and purposes to be beneficiaries under said trust, as hereinafter set forth.

"1. The net annual income from the trust estate, or so much thereof as may be necessary or practical to use in any one year, shall be used and paid out annually by the trustee of said trust estate hereinafter named, and the survivor of them and their successors, as follows:

"2. The McDonough County Holiness Association to have the use and income from a tract of land described as follows: The east half of the northwest quarter of section twenty-six (26), in township 6 north, in range 4 west of the fourth principal meridian, situated in the county of McDonough, in the State of Illinois, so long as it functions as a religious association, and upon said association ceasing to operate as a religious association in said county, the said income and use of said tract of land to revert to said trust estate and become a part of the general trust fund.

"3. To pay to the Presbyterian Church of Macomb, Illinois, fifty ($50) dollars per year, for a period of ten years after the death of Elsie V. Caldwell.

"4. To assist in the education of boys and girls in home mission work and support home mission, in such sums and at such times as the trustees shall from time to time consider advisable and beneficial the missionary work to be through the various church organizations of the county.

"5. To pay to the Central Holiness University of Oskaloosa, Iowa, annually, an amount equal to the annual dues of one scholarship for the ministry, it being provided that if one or more students for the ministry from McDonough county are at any time in said institution, they shall have the benefit of said allowance while they are so in attendance.

"6. To furnish one free bed at one of the hospitals in Macomb, Illinois, for the benefit of needy people, upon approval of the trustees hereinafter named, and the survivor of them and their successors; the patient to select the hospital if they so desire, with the approval of the trustees.

"7. To pay the schooling of one ............ Welch, a nephew of Thomas J. Caldwell, now contemplating studying for the ministry, should he decide to study for the ministry.

"8. The rest, residue and remainder of the income of said trust estate to be used by said trustees, the survivor of them and their successors, for the education, training and general benefit of the boys and girls of McDonough county, Illinois, especially as to health, moral and mental training, and for the benefit of the women and children of said county. The said trustees to use their best endeavors and judgment to the establishment of a permanent scheme of education, training and aid to boys, girls and children, to better fit them as useful citizens.

"9. I hereby select, designate and appoint as trustees of said trust estate the following named persons, to-wit: Don P. Pennywitt, Albert Eads and Stephen Blackstone, and the successors of them, with full power and authority to manage and control said trust estate and to collect the rents, interest and income thereof, to invest and re-invest the same in real or personal property, bonds, notes or stocks, as they may consider for the best interest of said trust estate. (Sale and re-investment in real estate to be with the approval of a court of competent jurisdiction.) The foregoing selection, designation and appointment of beneficiaries of the trust estate created by Thomas J. Caldwell, deceased, in his last will and testament, and the selection and appointment of trustees to administer said trust, is made for the purpose of carrying out the request, direction and wishes of said testator, Thomas J. Caldwell, deceased, expressed in his said

last will and testament for the purpose of carrying out the intent thereof as therein expressed."

The will not having directed the manner in which the testator's wife should exercise her discretion as to the amounts and purposes for which the proportion of the net income should be used during her life or in what amounts and for what purposes the residue of the estate should be used after her death, the law prescribes no particular form of instrument as essential to the exercise of the power, and there is no valid objection either to the method or the form averred to have been adopted in this case. It is unnecessary to consider whether the instrument may have been a sufficient appointment, so far as it went, of the amounts and purposes for which the net income might be used during the life of Mrs. Caldwell. No such question is involved in this litigation. The question here now concerns the "rest and residue" of the testator's estate, after the death of his wife, which he has directed to be used for charitable and religious purposes in such amounts and for such specific purposes as his wife shall have directed in her lifetime. The form which that direction may have taken is immaterial so long as the direction is clearly given. The title, if any, comes not from the widow or her deed or will but from the will of the testator to the objects indicated by the act of the widow, to whom the power is given to select. The instrument in question does not direct any amount of the residue of the testator's estate after his wife's death to be given to any specific purpose. It concerns itself with the net annual income, only, which it directs shall be paid out annually by the trustees or trustee, (a) to the McDonough County Holiness Association the income from a certain 80-acre tract of land; (b) to the Presbyterian Church of Macomb $50 a year for ten years after Mrs. Caldwell's death; (c) to assist in the education of boys and girls in home mission work and support home mission such sums at such times as the trustees shall from time to time consider advisable and

beneficial, the missionary work to be through the various church organizations of the county; (d) to the Central Holiness University of Oskaloosa, Iowa, annually, the dues of one scholarship for the ministry; (e) to furnish one free bed at one of the hospitals in Macomb for the benefit of needy people upon the approval of the trustees; (f) to pay the schooling of one ............ Welch, a nephew of Thomas J. Caldwell, who is now contemplating studying for the ministry, should he desire to do so; (g) the rest, residue and remainder of the income of said trust estate to be used by the trustees for the education, training and general benefit of the boys and girls of McDonough county, especially as to health, mental and moral training, and for the benefit of the women and children of said county, the trustees to use their best endeavors and judgment to the establishment of a permanent scheme of education, training and aid to boys and girls and children to better fit them as useful citizens.

This instrument was executed three months after the heirs of Thomas J. Caldwell had failed to defeat the provisions of paragraphs 8 and 9 of his will,. and was manifestly intended to provide for the distribution of the part of the income mentioned in paragraph 8 in excess of the bequests named and the annual allowance to the wife. After a preamble or recital at the beginning of the instrument it continues in a series of numbered paragraphs, the first of which states the subject matter of the instrument, the income from the trust estate, or so much thereof as may be necessary or practical to use in any one year, which it directs to be paid out annually by the trustees, as indicated in the seven following paragraphs. The ninth paragraph names the trustees. Nowhere in the instrument is any gift directed or mentioned of the rest and residue of the estate mentioned in paragraph 9 of the will or of anything but income, and even its distribution was left largely to the discretion of the trustees, as in paragraph 4, which provides for

assistance in the education of boys and girls in home mission work and support of home missions in such sums and at such times as the trustees shall from time to time consider advisable and beneficial. This discretion of the trustees necessarily also controls in relation to paragraph 8, for by its exercise the residue of the income which the trustees were authorized by that paragraph to use might be reduced or destroyed. By this instrument Mrs. Caldwell apparently undertook to delegate to other trustees the trust reposed in her discretion by the eighth paragraph of her husband's will, or a part of it. Whether she could do this need not be determined, for there is no controversy in the record about the income during Mrs. Caldwell's life. The construction of the instrument in question is in accordance with the view of the maker of it, for when, fourteen years later, she came to the execution of her will, after disposing of her own estate she proceeded in part 2 of her will, "exercising my power of appointment conferred upon me by the will of my deceased husband, Thomas J. Caldwell, which by his last will and testament he directed me to use and appoint his estate, for religious and charitable purposes, now, exercising that power so conferred upon me in the manner following, viz.," to appoint certain definitely fixed and stated amounts for certain specified purposes, and "all the rest, residue and remainder of the estate of my deceased husband I give, devise and bequeath to the East St. Louis Council of Boy Scouts of America."

The second amended cross-bill did not show an appointment by Elsie V. Caldwell of the residue of the estate of Thomas J. Caldwell in favor of the appellant as trustee, and the demurrer to it was properly sustained.

The decree is affirmed.                    *Decree affirmed.*

Mr. JUSTICE DIETZ, dissenting.