EMMA W. SPENGLER *et al.*

*v.*

KATHARINA KUHN *et al.*

*Opinion filed October 24, 1904.*

1. WILLS—*when will creates contingent remainder.* A will providing that upon the death or re-marriage of the widow the trust in her favor shall cease and the trust property remaining shall "thereupon go to and the title to the real estate become vested" in the surviving children and the descendants of any children who have died in the meantime, creates a remainder contingent upon survival at the termination of the trust.

2. SAME—*when executrix has full power as sole trustee.* If a will devises the testator's property in trust to his executors or the survivor of them, but one of the persons nominated fails to qualify and dies, the other person nominated, upon qualifying and accepting the trust, becomes vested with all the power, as sole executor and trustee, which would have vested in both had the other qualified.

3. SAME—*when trustees have power to use corpus of estate.* A devise to the executors in trust for the sole benefit of the widow for

life or until re-marriage, with power to them to sell, let, exchange, encumber or convey all, each and every portion of the real and personal property, and in their discretion to re-invest or lend the proceeds or any part thereof, authorizes the trustees to encroach upon the *corpus* of the estate if necessary to the preservation of the property and the support of the widow.

4. TRUSTS—*discretionary powers of trustee cannot be delegated.* A trustee may act through an agent in the performance of ministerial duties, but the performance of duties involving the exercise of discretion and judgment cannot be delegated.

5. SAME—*effect where trustee is incompetent to act.* If a trustee, by reason of age or infirmity, becomes incompetent to act in the discharge of duties involving the exercise of discretion or judgment, a court of equity may appoint a new trustee, but the powers and duties of trustee cannot be transferred to another by contract.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

FELSENTHAL & FOREMAN, and IVES, MASON & WYMAN, for appellants.

LACKNER, BUTZ & MILLER, WILLIAM M. & WILLIAM S. JOHNSTON, for appellee Kuhn.

MARY L. BARTELME, guardian *ad litem* for infant appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by Katharina Kuhn, widow of Frank Kuhn, deceased, against the heirs-at-law of her deceased husband, and against the Chicago Title and Trust Company, wherein the said Chicago Title and Trust Company filed a cross-bill, as did also the appellants Emma W. Spengler, Annie Bartels and Tillie I. Kuhn, certain of the heirs-at-law of the said deceased. The deceased, Frank Kuhn, departed this life May 3, 1890, leaving a last will and testament, whereby he placed his property, real, personal and mixed, in the hands of his executors, as trustees,

to be held and administered for the use and enjoyment of Katharina, his wife, during her natural life, unless she should re-marry. The original bill alleged that the income from the property had proven insufficient to pay taxes, special assessments and necessary repairs and provide for the necessary support and maintenance of the widow; that certain of the real estate had been sold for taxes and special assessments; that there was no express provision in the will authorizing the use of any part of the principal or *corpus* of the estate in making payment of such taxes, assessments and repairs, or in making redemption of the land from tax sales, or to the support and maintenance of the widow; that an exigency had therefore arisen which the testator had not contemplated, and that the preservation of the estate and the necessities of the widow imperatively required that a decree should be entered so enlarging the power of the trustee appointed by the will as to authorize the application of the principal or *corpus* of the fund to the purposes of providing a reasonable support for the widow, redeeming the real estate from the tax sales, paying taxes and special assessments, etc. The heirs-at-law of the deceased testator, except his two sons, Frank C. and Adolph A. Kuhn, answered the bill, denying that a contingency existed requiring the enlargement of the powers of the trustee under said will.

Frank C. Kuhn and Adolph A. Kuhn had been, severally, adjudged to be bankrupt, and the Chicago Title and Trust Company had been appointed trustee in bankruptcy for the respective estates of the said bankrupts. The title and trust company filed its cross-bill, in which it averred that it claimed that each of said bankrupts, in virtue of the provisions of the will of the testator, their father, became seized, at the time of his death, of a vested estate in remainder in the undivided one-fifth of all the property, real, personal and mixed, of the testator; that the executor and trustee under said will denied that such was the true construction and effect of the said will, and insisted that the interest of each of said bankrupts in the

remainder created by the said will was contingent upon their surviving their mother, said Katharina. Emma W. Spengler, Annie Bartels and Tillie I. Kuhn, heirs-at-law of the testator, answered the cross-bill of the title and trust company and conceded the correctness of the construction given to the will by that company, and also filed a cross-bill asking the court to declare such to be the true construction of the will, and to decree that each of them had also become seized, as devisee under the will, of a vested undivided one-fifth interest in the real estate left by said deceased. Answers were filed and replications thereto, and the cause was submitted to the chancellor for decision. The decree was, that the estates in remainder created by the provisions of the will were not vested estates, but contingent upon an event which had not occurred, and that therefore the cross-bill filed by the title and trust company and the cross-bill filed by Emma W. Spengler, Annie Bartels and Tillie I. Kuhn should each be dismissed. The decree further found and decreed that it was the intention of said testator that his widow, Katharina Kuhn, should have a reasonable support out of his estate, whether the same be taken from the income alone or from the principal as well, and that, as shown by the evidence, the sum of $2900 per year is needed for the reasonable care and support of said Katharina Kuhn, and that said sum is a reasonable sum for such purpose under the circumstances of this case, and that said allowance should begin from the date of the filing of the bill herein, to-wit, on October 17, 1901. The Chicago Title and Trust Company, Mrs. Spengler, Mrs. Bartels and Tillie I. Kuhn have perfected this appeal to reverse the decree.

The will, the provisions whereof are to be considered and construed, reads as follows:

"I, Frank Kuhn, of the city of Chicago, being of sound mind and memory, do make, publish and declare this my last will and testament.

"*First*—I desire that all my just debts shall be paid and discharged out of my estate.

"*Second*—All the rest and remainder of my estate remaining after the payment and discharge of said debts, real estate as well as personal and mixed estate and property, I give, devise and bequeath to my executors hereinafter named, and for the purpose of facilitating the winding up and settlement of my estate and promoting the interest of my devisees, I do hereby fully empower and authorize my said executors, and the survivor of them, to let, sell, exchange, encumber, convey all, each and every portion of my real and personal property, and the proceeds of such sales or other disposition of the same, or any part thereof, again in their discretion to re-invest in the purchase of other real or personal estate, or in bonds, stocks or other securities, or to lend the same at interest upon real estate or other securities, as may by them be deemed most advisable, and the property and estate so acquired with such proceeds again to hold under the same restrictions and for the same uses and purposes hereinafter particularly set forth, namely: The real and other estate hereinabove to my executors given, devised and bequeathed, is to be held by them, and the survivor of them, in trust, first, to and for the exclusive use and enjoyment thereof, during the term of her natural life, of my wife, Katharina, provided she shall so long remain my widow and unmarried, who is to have and retain the exclusive possession, use, enjoyment and control thereof, and shall have, use, enjoy the same, and each and every the income, rents, profits and proceeds arising therefrom, as long as she shall remain unmarried after my death, to and for her own use and behoof. Should my said wife, however, marry again after my death, then upon such re-marrying the operation of the above provision in her favor shall at once cease and be of no further effect, and she shall thereby become and entitled only to such dower in my real estate then remaining unsold or undisposed of and other portion in my other estate as she would in law be entitled to if I died intestate. Upon the re-marriage or death of my said

wife, the trust estate hereby created shall at once cease, and the trust property shall thereupon go to and the title to the real estate become vested in my children, and the whole of my estate remaining unconsumed and constituting such trust fund shall be divided equally between them, share and share alike, and if, in the meanwhile, any or more of my children shall have died leaving a descendant or descendants, such deceased child's share shall go to his or her issue, descendant or descendants.

"I do hereby nominate and appoint my said wife, Katharina, the executrix, and my son, Emil Kuhn, the executor, of this my last will and testament, and I do hereby expressly provide that no security shall be taken from them or either of them for the faithful performance of their duties in this behalf."

Emil Kuhn, nominated in the will to be one of the executors, did not qualify, and has since died, leaving the appellant Tillie I. Kuhn his sole heir-at-law. The appellee Katharina Kuhn, also nominated as executrix, accepted the trust, qualified as required by law, and on the 30th day of June, 1890, received letters testamentary as sole executrix, and has since acted in that capacity. She thereupon became vested with all the power and authority as sole executrix and sole trustee which would have vested in herself and said Emil Kuhn had the latter accepted the trust and qualified as required by law. 1 Starr & Cur. Stat. 1896, chap. 3, secs. 5, 97, p. 270; *Wardwell* v. *McDowell,* 31 Ill. 364; *Ely* v. *Dix,* 118 id. 477.

The will creates a trust, the executor being empowered to execute the trust. The will devises and bequeaths all of the property belonging to the testator, real, personal and mixed, (remaining after all debts have been paid,) to the executors, and the survivor of them, in trust, to and for the exclusive use, possession, enjoyment and control of the widow, Katharina, (the sole executrix and trustee,) during the term of her natural life, she to have the income, rents, profits and proceeds thereof to her own use and behoof as long as she should

remain unmarried. The will also provided that said trustees should be fully empowered and authorized "to let, sell, exchange, encumber, convey all, each and every portion of my real and personal property, and the proceeds of such sales or other disposition of the same, or any part thereof, again in their discretion to re-invest in the purchase of other real or personal estate, or in bonds, stocks or other securities, or to lend the same at interest upon real estate or other securities, as may by them be deemed most advisable, and the property and estate so acquired with such proceeds again to hold under the same restrictions and for the same uses and purposes hereinafter particularly set forth, namely."

Under this will the executors and trustees must be held to have become seized of that estate which was necessary to enable them to accomplish the purposes of the trust. They were empowered to sell, exchange and convey each and every portion·of the property, real and personal, to buy other real estate or other securities with the proceeds, sell the same and again re-invest the proceeds in real or personal property, as their judgment and discretion should dictate. The purposes of the trust required that the trustees should grant the fee title to the trust property and take the fee title to any real property bought by them with the proceeds of that sold, and therefore it was essential to the accomplishment of the objects of the trust that the executors and trustees should be vested with title in fee to all of the property. In *Lawrence* v. *Lawrence,* 181 Ill. 248, we said (p. 251) : "The trustee acquires whatever estate, even to a fee simple, that is needed to enable him to accomplish the purposes of the trust. (*Preachers' Aid Society* v. *England,* 106 Ill. 125; *West* v. *Fitz,* 109 id. 425; 27 Am. & Eng. Ency. of Law, 110-113, 117.) When the trustee is directed and empowered to convey the land to the objects of the settlor's bounty, the legal estate necessarily vests in the trustee. If a trustee is required to grant a fee, the fee must be conferred upon him.—*Kirkland* v. *Cox,* 94 Ill. 400; *Preachers' Aid Society* v. *England, supra.*"

Had both executors qualified, the title in fee for the uses and purposes of the trust and during the continuance thereof would have vested in them jointly. The widow, Katharina, in her individual capacity, would have had no interest in the title to the property, but only the beneficial interest, as *cestui que trust.* The son, Emil, having declined to qualify, the duties and powers of executrix and trustee devolved upon said Katharina, as sole executrix. She therefore occupies a dual position—that of trustee and of *cestui que trust.* As trustee she became vested with the title in fee of all the property of the testator for the purposes and objects of the trust. In her individual capacity she had no estate in the real estate or property, but was entitled to the benefit of the provisions made for her as *cestui que trust* under the terms of the will. The fee was in her in her representative capacity, as executrix and trustee. This fee was vested in the trustee for the purposes of the trust, and the extent and duration of the estate taken by this trustee are measured by the objects of its creation. When such objects and purposes shall, under the provisions of the will, have been subserved the estate of the trustee will cease to exist. Until that time the title in fee rests in Katharina in her capacity as trustee. When that time shall arrive, the devolution of the title will be as directed by the will. If those on whom the will then devolves the title could be determined at the time of the death of the testator, their right to the estate would be deemed vested in right to take effect in possession at the termination of the trust. If the persons to take be dubious and cannot be known until the title in the trustee becomes extinct, then the right and title are contingent and not vested. Courts incline to a construction that will declare the right and title to be vested, and will so hold unless a contrary intention appears in the will. The will here involved provides the title in the trustee shall become extinct when the widow, Katharina, shall remarry or die. The will declares that upon the re-marriage or death of Katharina "the trust estate hereby created shall

212—13

at once cease, and the trust property shall thereupon go to and the title to the real estate become vested in my children, * * * share and share alike, and if, in the meanwhile, any or more of my children shall have died leaving a descendant or descendants, said deceased child's share shall go to his or her issue, descendant or descendants." The investiture of title is plainly to occur when the trust has been determined, either by the re-marriage or death of the *cestui que trust.* The persons to take are such of the children of the testator as are then alive, and the descendant or descendants of such, if any, of said children who have died. The estate did not vest in the children of the testator at his death, for the reason it could not then be known that any child of his would survive the termination of the trust and become entitled to take. The testator plainly manifested an intention that those to take should be determined at the time of the expiration of the trust, and there is no legal impediment to the consummation of his intent. Frank C. Kuhn and Adolph A. Kuhn, sons of the testator, Mrs. Bartels and Mrs. Spengler, his daughters, and Tillie I. Kuhn, a grand-daughter, may or may not survive the re-marriage or death of Katharina. If they survive the trust they will become vested with an interest in the property which is the subject matter of the trust, but no right thereto has as yet vested in them, and neither of them may ever become vested with such right. Such was the construction we said in *Security Ins. Co.* v. *Kuhn,* 207 Ill. 166, should be given this will. We there said, speaking of the trust property (p. 171) : "There was a future contingency in the unconsumed portion of the trust property existing at the death of the plaintiff, which might be in the form of real or personal property. That interest was limited upon the death of the plaintiff or the uncertain event of her re-marriage, and to dubious or uncertain persons who should be living and able to take the property at her death. It cannot be known who, if any, will be the surviving child or children, or the issue or descendant of any such child, to receive the future

contingent interest." The chancellor therefore correctly ordered that the cross-bills filed by the Chicago Title and Trust Company, and by Mrs. Spengler, Mrs. Bartels and Tillie I. Kuhn, should be dismissed at the cost of the complainants therein, respectively. Because of other errors, the decree, however, must be reversed.

Katharina, the widow, together with the children of herself and the testator, entered into an agreement with the Security Title and Trust Company, (now the Chicago Title and Trust Company,) which, it seems, the parties construed and understood to, in effect, transfer to the title and trust company the powers and duties possessed by the said Katharina as trustee under the will. The decree accepts this construction of the agreement and proceeds on the view that the title and trust company possesses the power given the trustee by the will. So far as the performance of those duties and the discharge of the power granted by the will involve the exercise of discretion and judgment they are not to be delegated. (27 Am. & Eng. Ency. of Law,—1st ed.—143.) Merely ministerial duties connected with the exercise of the functions of a trustee may be performed by an agent, and to that extent, and that only, the agreement is effective. The children of the testator did not take vested interests in the property, as we have seen, and consequently their participation in the execution of the agreement avails no farther than as a possible estoppel against such of them as shall survive the termination of the trust and become entitled, under the will, to be vested with an interest in the trust property. If Katharina Kuhn has, by reason of her years and physical infirmities, become incompetent to exercise the powers and duties of trustee, a court of equity may, and will in a proper case, provide a new trustee. (27 Am. & Eng. Ency. of Law, —1st ed.—89, 90.) Until a new trustee shall in that manner be appointed, all duties and powers devolving on the trustee which involve the exercise of judgment and discretion or are of a personal nature must be discharged by the said Katha-

rina. She may, of course, employ agents and attorneys, or others, to perform merely ministerial duties connected with the trust.

The chancellor interpreted the will with reference to the powers conferred on the trustee as follows: "That Katharina Kuhn has full power to sell the real estate left by said testator for any purpose mentioned in the will, and convey to the purchaser a fee simple title thereto by virtue of the power vested in her by the terms of the will of said testator, and re-invest the same according to the terms of the will, and to use the proceeds thereof, so far as may be necessary, in payment of taxes, assessments, insurance, repairs and other necessary charges upon said estate, and also for the purpose of paying for her own support, and that in making such expenditures and in providing for such support she is not limited to the income of said estate alone, but may also use such portion of the principal or *corpus* of the estate as may be required; and that it was the intention of the said testator that his widow, Katharina Kuhn, should have a reasonable support out of his estate, whether the same be taken from the income alone or from the principal as well."

We think this construction of the will to be correct. The power of sale and of making other disposition of the trust property, given to the trustee, is so plainly stated there seems no room for the work of construction. That the testator intended to authorize the *corpus* of the property to be broken in upon, if necessary to the support of the widow, though not so unequivocally manifested, is to be gathered from the will as his true intent. The will authorizes the conversion of real estate into personalty by the trustee; the investment and re-investment of the proceeds arising from sales, or other disposition of the property, real and personal; declares the widow may use and enjoy the income, rents, profits and proceeds "for her own use and behoof," and that the estate remaining unconsumed "shall go to the remainder-men." These provisions are not consistent with the view that it was the design

of the testator that the trustee should preserve a distinction between the income and the *corpus* of the trust property, and that the widow should be restricted to the use and enjoyment of the income, only, and that the body of the trust property should be preserved intact for the remainder-men.

The court also found that said Katharina is now in feeble health, and has been in poor health ever since the death of said Frank Kuhn; that since his death she has undergone a surgical operation for cancer, has once broken her arm, and is constantly suffering from rheumatism and asthma and feebleness due to old age, and that her expenses for surgical and medical attendance have been large, and that since the agreement between the children of the testator and the title and trust company, to-wit, March 9, 1896, the widow has received but an average of $1200 per year, and that the sum of $4491.66 should be paid her by the title and trust company as due to her as a deficiency on the amount which she was reasonably entitled to receive from the date of such agreement, and that the sum of $2900 per year is needed for the reasonable care and support of said Katharina Kuhn, and that said sum is a reasonable sum for such purpose under the circumstances of this case, and that said allowance should begin from the date of the filing of the bill herein, to-wit, on October 17, 1901. The court also further found that the income from said estate has not been sufficient to pay the taxes, assessments, repairs and insurance thereon, and that a large sum of money was necessary to redeem from such tax sales, and decreed that the title and trust company, out of any money in its hands belonging to the estate of said Frank Kuhn, deceased, whether the same be income or *corpus,* should forthwith pay the said Katharina Kuhn the said sum of $4491.66, and should annually pay to her the sum of $2900 per annum from the date of filing the bill, less such sums as she has received during the pendency of this suit, and should hereafter pay the said Katharina the sum of $2900 per annum during her natural life, or so long as she

remains unmarried, out of any moneys that may be realized out of said estate, whether the same be income or *corpus.*

These findings, and the relief decreed upon them, proceed upon the erroneous theory that the title and trust company has become possessed of the power of a trustee under the will. The executrix and trustee possessed ample power, under the will, to redeem the trust property from sales for unpaid taxes or special assessments, and all other power necessary to the protection of the trust estate. She has also all needed power to provide for her own reasonable support and maintenance. To accomplish either of these purposes she may sell, exchange or otherwise dispose of any of the trust property. She possesses ample power under the will, as construed by the chancellor, to meet every exigency disclosed by the record, and there is no occasion for any enlargement of her power as trustee. If she is physically or mentally incapable of executing such powers and duties, a court of equity may be applied to to supply a successor who is capable and competent to execute the trust. We do not, therefore, approve of these portions of the decree, and in respect of them the decree is reversed. If the widow is not physically capable of discharging the duties of trustee, of protecting the estate and providing for her own wants out of the trust property, and application is made to a court of equity for the appointment of a new trustee, all necessary and proper orders of this character may then be entered.

As indicated herein the decree will be affirmed in part and in part reversed, and the cause will be remanded for such further and other proceedings as to justice and equity shall appertain. The cost in this case will be paid as follows: One-third by the said Katharina Kuhn in her capacity as executrix of the estate of Frank Kuhn, deceased, and out of the assets of the said estate; one-third by the Chicago Title and Trust Company, and the remaining one-third by appellants Emma W. Spengler, Annie Bartels and Tillie I. Kuhn.

*Decree reversed in part and remanded.*