## In re MOORE.

District Court, D. Maryland. October 22, 1927.

No. 4130.

1. Bankruptcy ⊱143(9)—Whether property acquired by bankrupt under will was transferable interest at date of adjudication is matter of local law.

In proceeding by trustee in bankruptcy to obtain property acquired by bankrupt under will at termination of testamentary trust, question whether property acquired by bankrupt under will was transferable interest at date of adjudication is matter of local law.

2. Bankruptcy ⊱143(9)—Under Maryland law, property to be received by bankrupt under will, on termination of testamentary trust, passes to trustee.

Bankrupt, who was to receive property under will at termination of testamentary trust, had interest therein which would pass to trustee, without regard to whether it was vested or contingent, since in Maryland remainder is assignable, even if contingent.

In Bankruptcy. In the matter of William H. Moore, bankrupt. Petition by trustee in bankruptcy to secure money due bankrupt at termination of testamentary trust. Petition granted.

J. Morfit Mullen and Walter H. Buck, both of Baltimore, Md., for trustee.

F. Howard Smith, of Baltimore, Md., for defendant.

COLEMAN, District Judge. William H. Moore was adjudicated a voluntary bankrupt on December 16, 1923. Discharge was granted on November 1, 1924. At the time of the adjudication, the bankrupt's father was dead, leaving a will and codicil duly admitted to probate. By the codicil, the residue of his estate was devised to trustees as follows:

"To manage and control the same and the clear net income thereof to pay over to my wife, Alice S. Moore, during so much of her natural life, as she shall not marry again, and from and after her marrying again or death, whichever event shall first happen this provision for her shall cease and determine and I then give, devise and bequeath this portion of my estate and property unto all and every my then surviving children and the issue of any deceased child to take among them, if more than one, per stirpes and not per capita."

On April 23, 1927, the life tenant, Alice S. Moore, died, and the trustee in bankruptcy filed a petition to secure the portion due the bankrupt, on the ground that it was a vested interest at the time of the adjudication, and thus passed to the trustee under section 70 of the Bankruptcy Act (11 USCA § 110). Under that section the trustee "shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is property which is exempt, to all * * * (5) property which prior to the filing of the petition *he could by any means have transferred or which might have been levied upon and sold under judicial process against him.*" (Italics inserted.)

[1] The question to be decided, therefore, is whether the property acquired by the bankrupt under the will was a transferable interest at the date of the adjudication. This is necessarily a matter of local law. Rosenbluth v. De Forest Co.,* 27 Am. Bankr. Rep. 359; Thompson v. Fairbanks, 196 U. S. 516, 522, 25 S. Ct. 306, 49 L. Ed. 577. See Reilly v. Mackenzie, 151 Md. 216, 134 A. 502, 504, 48 A. L. R. 778.

[2] The court considers it unnecessary to determine whether, under the law of Maryland, this remainder is vested or contingent, because in Maryland it has long been recognized that a remainder is assignable, *even if contingent.* Miller v. Williamson, 5 Md. 219; Cooke v. Husbands, 11 Md. 508. And it has quite recently been held that, under the terms

*85 Conn. 40, 81 A. 955.

of a will similar to those here in question, the bankrupt has such an interest as will pass to his trustee, without regard to whether it is vested or contingent. Reilly v. Mackenzie, 151 Md. 216, 134 A. 502, 48 A. L. R. 778. In this case the will provided as follows:

"Upon the death of my wife, Mary E. Rahe, I direct that the whole corpus of my estate, including the dwelling and furniture devised to my wife for life, shall be divided into eight equal parts, and one of said parts shall be paid over by said trustee to each of my said eight children should they be then living excepting to the share of my said son, John Gerhardt Rahe, which shall be held by the said trustee and invested and reinvested, and the net income only paid to my said son, in quarterly installments, until he shall reach the age of forty (40) years, when the trust as to his share shall cease, and his portion of the corpus shall be paid over to him absolutely. But my said son shall have no power to anticipate said income, nor to assign it, and his receipt only shall be sufficient acquittance to said trustee.

"Should any of my said children die before my said wife, or should my said son John Gerhardt Rahe, die before reaching forty years of age, leaving a child or children living, then the share in the said corpus of the child so dying, shall vest in the said child or children so left, to be paid over to them upon the death of my said wife. But should any of my said children die without leaving a child or children living at his or her death, then the said share in the corpus of the said child so dying shall vest in the survivors of my said children, and the child or children of my deceased child, the latter to take the share of its or their parent, to be paid over to them upon the death of my said wife except as to any share that may pass to the use of my said son, John Gerhardt Rahe, which shall be held in trust as hereinbefore provided as to his share until he attains the age of forty years."

In its opinion the court said (pages 220–225 [134 A. 504–506]):

"Counsel for appellant and appellee argued with much force and ability, on the one side, that the estate was a vested remainder, and, on the other, that it was a contingent remainder, citing many cases to support their respective contentions. It would be interesting to analyze and discuss these cases, and if the decision of this case depended upon the determination of that question, it would be necessary to do so with a great deal of care. But, on the authority of the Banks Will Case,

87 Md. 425, at page 443, 40 A. 268, the interest in remainder of Charles M. Rahe, Jr., passed to his trustee in bankruptcy, even if it be treated as a contingent remainder. * * *

"So far as the value of the interest is concerned, there can be no substantial difference between a remainder which is technically vested, but liable to be defeated by the death of the remainderman before the death of the life tenant, and a vested interest in a contingent remainder; the contingency being the survival of the remainderman after the death of the life tenant. A purchaser of either interest would take exactly the same chance of enjoying the possession of the property, and the risk would be no greater in the one case than in the other. It was distinctly held in the Banks Will Case, supra, that a vested interest in a contingent remainder 'is an existing estate,' and not a mere possibility. * * *

"It is true there is no statute in Maryland which expressly provides, like the Massachusetts statute, that a creditor may reach in equity property which 'cannot be reached and applied until a future time,' etc.; but as far back as Cooke v. Husbands et al., 11 Md. 492, it was held that a contingent interest depending upon survival was assignable in equity. Such an interest, therefore, comes within the classification of the Bankrupt Act of property which the bankrupt before adjudication 'could by any means have transferred.' * * *

"In the present case the contingency related to the event—that is, the survival of the bankrupt—and not to who would take if the event should happen. It was not such an interest as could be devised. But it was a possibility coupled with an interest, nevertheless, and as such was assignable under the rule laid down in Moore v. Lyons [25 Wend. (N. Y.) 119] supra, and quoted with approval in Putnam v. Story [132 Mass. 205] supra, and Lee v. Waltjen [141 Md. 450, 119 A. 246] supra."

Counsel for the bankrupt in the present case attempts to indicate that the true test of assignability in such cases depends upon the remainder being devised to a certain named person or persons, as opposed to merely a described class. But, even if this distinction exists between the provisions of the will in the present case, and the will in the Reilly Case, the court fails to find that the Maryland Court of Appeals based its decision upon such ground.

The rule in Maryland appears to be of general application, although, as above stated, we are here concerned only with the law

as it actually exists in Maryland. See Collier on Bankruptcy (13th Ed.) p. 1674, and cases cited.

The petition of the trustee must therefore be granted.