41 F.2d 700 (1930)
In re LANDIS.
FARMERS' BANK OF MT. PULASKI, ILL., et al.
v.
BICKENBACH.
No. 4234.
Circuit Court of Appeals, Seventh Circuit.
June 5, 1930.
*701 *702 Robert R. Humphry and Harold F. Trapp, both of Lincoln, Ill., for appellants.
Alton G. Hall and Clayton J. Barber, for appellee.
Before EVANS, PAGE, and SPARKS, Circuit Judges.
SPARKS, Circuit Judge.
The primary question presented is whether or not the lands devised to the bankrupt by the will in question are assets in the hands of the trustee in bankruptcy.
"(a) The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * *
"(5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." USCA, title 11, § 110(a)(5).
It is admitted by the parties that the will devises to the bankrupt a remainder in the lands, but beyond this point they differ widely. Appellants, on the one hand, contend that the interest devised is a contingent remainder, and as such does not pass to the trustee in bankruptcy On the other hand, appellee insists that the interest devised is a vested remainder, and, whether vested or contingent, it passed to the trustee in bankruptcy, under the statute, as assets of bankrupt.
If the interest devised by the will was a vested remainder, both parties concede that it passed to the trustee in bankruptcy. If under the Illinois law a contingent remainder also passes to the trustee in bankruptcy, then the order must be affirmed regardless of whether or not the lower court erred in holding the interest to be vested rather than contingent.
The property which passes to the trustee in all such cases is governed primarily by the federal statute previously set forth herein. It specifies two classes of property of the bankrupt which by operation of law is vested in the trustee; viz., (1) all property which, prior to the filing of the petition, the bankrupt could by any means have transferred; (2) all property which, prior to the filing of the petition, might have been levied upon and sold under judicial process against him. In determining what property falls within these classes we are to be governed by the laws of Illinois, due to the fact that the trust was created, and is being administered, and the property involved is situated in that state. In re Twaddell (D. C.) 110 F. 145; In re Moore (D. C.) 22 F.(2d) 432.
That a contingent remainder cannot be levied upon and sold under judicial process is not denied, and the controversy is therefore reduced to one question  Prior to the filing of the petition in bankruptcy was there any means under the Illinois law by which bankrupt could have transferred his contingent remainder, assuming for the purpose of argument only that it is a contingent remainder? If there was, then it passed to the trustee; otherwise not.
Although a conveyance of an expectancy, as such, is inoperative at law, it may be enforced in equity as an executory agreement to convey if it is sustained by a sufficient consideration. Parsons v. Ely, 45 Ill. 232. It is true that a contingent remainder cannot be granted, and no legal estate passes by a deed of it; yet it may be transferred by a warranty deed by way of estoppel if the contingency occurs upon which the estate is to vest. Hill v. Hill, 264 Ill. 219, 106 N. E. 262; Drury v. Drury, 271 Ill. 336, 111 N. E. 140. Contingent interests and expectancies depending upon survival are assignable in equity, and they may also be the subject of a contract, such as a contract of sale, when made for a valuable consideration, which courts of equity, after the contingency has happened, will enforce. Ridgeway v. Underwood, 67 Ill. 419; Hudnall v. Ham, 183 Ill. 486, 56 N. E. 172, 48 L. R. A. 557, 75 Am. St. Rep. 124.
The section of the Illinois statute referring to quitclaim deeds contains the following language: "Every deed in substance in the form prescribed in this section, when otherwise duly executed, shall be deemed and held a good and sufficient conveyance, release and quitclaim to the grantee, his heirs and assigns, in fee of all the then existing legal or equitable rights of the grantor, in the premises therein described, but shall not extend to after-acquired title unless words are added expressing such intention." Chapter 30, par. 11, Cahill's Rev. St. Ill. 1929.
In the case of Glover v. Condell, 163 Ill. 566, 45 N. E. 173, 35 L. R. A. 360, it was held that while a quitclaim deed will convey any present interest, it cannot affect by way of release a future contingent interest limited to the surviving members of a class upon the event of the death of one of them without living issue, there being no terms used in the deed which could be construed as referring *703 to future interests. It would seem, by way of inference at least, that if there had been terms used in the deed which could be construed as referring to the future interest, then it would have been sufficient to affect that interest, and the statute itself supports the inference.
If the transfer of such an interest can be eventually effectuated by any act of the bankrupt, whether by estoppel, contract of sale, equitable assignment, or any other means, it certainly comes within the purview of the statute, and the interest passes to the trustee. That there can be an equitable assignment of a contingent remainder is explicitly held by the Illinois decisions, and on that question we know of no conflict in the decisions of that state.
In determining whether or not an equitable assignment of a contingent remainder, upon the occurrence of the contingency, is to be termed "a means of transfer," we are not to be limited to the Illinois law. The federal courts will construe for themselves the meaning of the word "transfer" as used in the statute. To hold otherwise would be to subject the federal statutes to as many different constructions as there are states.
In the case of In re Moore (D. C.) 22 F. (2d) 432, it was held that a contingent interest assignable in equity comes within the classification of the Bankruptcy Act referring to property which the bankrupt before adjudication "could by any means have transferred"; and the court bases this opinion on the fact that in Maryland it has long been recognized that a contingent remainder is assignable, just as it has been so recognized in Illinois. In the case of Earle v. Maxwell, 86 S. C. 1, 67 S. E. 962, 138 Am. St. Rep. 1012, it is said that a contingent remainder is not technically an estate, but a mere possibility of an estate in the future; and it will pass to a trustee in bankruptcy if by the local decisions an assignment of such an interest by the bankrupt would be good in equity. See, also, 3 R. C. L. 222; Reilly v. Mackenzie, 151 Md. 216, 134 A. 502, 48 A. L. R. 778.
Appellants cite the cases of Spengler v. Kuhn, 212 Ill. 186, 72 N. E. 214, and Raritan Bank v. Huston, 329 Ill. 604, 161 N. E. 141, as holding that a contingent remainder does not pass from the bankrupt to the trustee. In the case of Spengler v. Kuhn, supra, in so far as the decision reveals, this particular question was not discussed by the court, and we do not know whether it was called to the court's attention. It is true that the court held, in effect, that the remainder was contingent and did not pass to the trustee; but the complaint proceeded upon the theory that the remainder was a vested one and not contingent. From the discussion it seemed all the parties assumed that if the remainder was a vested one it passed to the trustee, and if it was contingent it did not so pass. The court could have been very easily led into error by this assumption; but even though the question may have been controverted and a deliberate judgment rendered thereon, the decision is not inconsistent with the other decisions of Illinois which hold that a contingent remainder is assignable in equity. The case of Raritan Bank v. Huston, supra, merely presented the question as to whether the quitclaim deed which was then before the court was sufficient to pass the contingent remainder. The court held it was not. There were no words in the deed expressing any such intention, as required by the Illinois statutes, Cahill's Rev. St. 1929, c. 30, par. 11. The question of equitable assignment was not presented.
It is our opinion that at and prior to the time Elmer E. Landis filed his petition in bankruptcy there were means, recognized by the laws of Illinois, by which he could have transferred the remainder in the land devised to him by his father. This being the case, it is not necessary that we should decide whether the remainder be vested or contingent. City of Denver v. Denver Union Water Co., 246 U. S. 178, 38 S. Ct. 278, 62 L. Ed. 649; Sebree v. Sebree, 293 Ill. 228, 127 N. E. 392.
The order is affirmed.
PAGE, Circuit Judge (concurring).
I am of opinion that bankrupt had a vested interest, but if it is a contingent interest I cannot agree to the proposition that a contingent interest passes to a trustee in bankruptcy. Believing that the interest of the bankrupt was vested, I therefore concur in the affirmance.